IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BENNY E. DOWNEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of the Social )<br>Security Administration,[1] )<br>)<br>Defendant. ) | Case No. CIV-12-45-SPS |

## OPINION AND ORDER

The claimant Benny E. Downey requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and the case is REMANDED to the ALJ for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A).  Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Sec'y of Health & Human Svcs.*, 933 F.2d 799, 800 (10th

---

[2]Step One requires the claimant to establish that he is not engaged in substantial gainful activity.  Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities.  If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied.  If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry.  Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work.  At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC.  Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work.  *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born August 7, 1962, and was forty-eight years old at the time of the administrative hearing. (Tr. 28). He completed the sixth grade and has worked as a machine grain unloader, lawn mower, rough painter, truck washer, and roofer helper. (Tr. 29, 46). He alleges that he has been disabled since December 31, 2005, due to back and neck problems, and breathing problems. (Tr. 196).

## Procedural History

On February 5, 2010, the claimant filed for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His application was denied. ALJ Eleanor T. Moser held an administrative hearing and determined the claimant was not disabled in a written opinion dated May 26, 2011. (Tr. 12-20). The Appeals Council denied review, so the ALJ's written opinion represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. She found that the claimant could perform sedentary work as defined in 20 C.F.R. § 416.967(a), with the additional limitations of only occasionally climbing ramps, stairs, ladders, ropes, and scaffolds; stooping; crouching; or crawling. Additionally, she imposed the following

nonexertional limitations: can perform simple and some complex tasks, can relate to others on a superficial work basis and adapt to a work situation, is moderately limited in the ability to understand, remember, and carry out detailed instructions, and can interact appropriately with the general public. (Tr. 16). The ALJ then concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform in the regional and national economy, *e. g.*, hand suture winder or bench hand. (Tr. 20).

## Review

      The claimant contends that the ALJ erred: (i) by failing to perform a proper vocational analysis, (ii) by failing to properly formulate his RFC, and (iii) by failing to properly evaluate his credibility. The Court finds the claimant's second contention persuasive for the following reasons.

      The ALJ found that the claimant had the severe impairments of lumbar degenerative disc disease with central canal stenosis at L5-S1, asthma, a depressive disorder not otherwise specified, and cannabis abuse. (Tr. 14). The relevant medical evidence reveals that the claimant suffered from chronic low back pain that the claimant has experienced for five or six years. (Tr. 211). He was prescribed an albuterol inhaler by his treating physician on February 2, 2010. (Tr. 220). On May 7, 2010, the claimant went to the ER with complaints of chronic back pain. The ER physician noted that the claimant's history was somewhat vague, and he was discharged and directed to follow up with his treating physician. (Tr. 229). A lumbar spine MRI revealed mild lumbar spondylosis, with a posterior disc bulge noted at L2-3, L4-5, and L5-S1. (Tr. 233-235).

At L5-S1, the MRI showed at least 30% acquired central spinal stenosis with mild right and severe left neural foraminal stenosis, with the nerve root compressing and displacing the left S1 nerve root. (Tr. 235). A state reviewing physician found the claimant capable of doing sedentary work. (Tr. 376).

As to his mental impairments, the claimant was hospitalized on August 29, 2010, for an intentional overdose of whisky, morphine, Xanax, oxycontin, and soma. While still hospitalized, he denied having suicidal ideation, stating that the suicide attempt had been a ploy. (Tr. 240). A consultative medical examiner diagnosed the claimant with depressive disorder, not otherwise specified, and cannabis abuse. (Tr. 355).

At the administrative hearing, the claimant testified that he experiences constant pain in his lower back that also runs down his legs and sometimes causes his feet to go numb. (Tr. 32). He testified that he injured his back when he was throwing trailer house axles off a trailer bed. (Tr. 33-34). He stated that he wheezes at night when he rolls over. (Tr. 34). The claimant described his pain as "little stabbing pains, and it's like pains just going down like a telephone line right on down my legs[.]" (Tr. 35). He indicated that his left leg experienced worse pain than the right. (Tr. 38). As to his abilities, he testified that he could sit or stand for approximately 20 minutes, and could walk two blocks. He also stated that he could lift no more than twenty pounds. (Tr. 39-40). He further testified that he only sleeps an hour and a half at a time, because discomfort and pain wake him up. (Tr. 40). As to his daily activities, he stated that he lives with his mother, watches television and lies down most of the day, and that other family members do the cleaning and cooking. (Tr. 41-42).

The ALJ summarized the claimant's testimony and most of the medical evidence. In support, she recounted the medical evidence, gave great weight to the mental consultative status exam, then found that the claimant' statements were not credible to the extent they were inconsistent with the determined RFC. (Tr. 17).  This analysis fell short for two reasons.

First, the ALJ erred when she found that the claimant's asthma was a severe impairment at step two, then ignored this "severe" impairment at step four.  An explanation should be provided when, as here, an impairment found to be severe at step two is determined to be insignificant in later stages of the sequential evaluation. *Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding "the ALJ should have explained how a 'severe' impairment at step two became 'insignificant' at step five.") [unpublished opinion].  The ALJ should have explained why the claimant's asthma did not call for corresponding physical limitations. *See Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as the significantly probative evidence that he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir 1984).

Second, "[p]ain, even if not disabling, is still a nonexertional impairment to be taken into consideration, unless there is substantial evidence for the ALJ to find that the claimant's pain is insignificant." *Thompson v. Sullivan*, 987 F.2d 1482, 1490-91*, citing Ray v. Bowen*, 865 F.2d 222, 225 (10th Cir. 1989) *and Gossett v. Bowen*, 862 F.2d 802, 807-08 (10th Cir. 1988).  In assessing allegations of pain, an ALJ "must consider (1)

-6-

whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a 'loose nexus' between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling." *Musgrave v. Sullivan*, 966 F.2d 1371, 1375-76 (10th Cir. 1992), *citing Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987). Additionally, "[c]areful consideration must be given to the effects of pain and its treatment on an individual's capacity to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." Soc. Sec. Rul. 03-2p, 2003 WL 22399117, at *7 (October 20, 2003), *citing* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (July 2, 1996) *and* Soc. Sec. Rul. 96-8p, 1996 WL 374184 (July 2, 1996).

In this case, there was objective medical evidence indicating that the claimant has a pain-producing impairment, *i. e.*, degenerative disc disease with central canal stenosis at L5-S1. Although the ALJ thus was required to consider the claimant's assertions of pain and the extent to which they were disabling, *see Winfrey v. Chater*, 92 F.3d 1017, 1020 (10th Cir. 1996); *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995), she made no specific findings as to the claimant's pain, instead concluding that the "claimant's allegations pertaining to the severity of his symptoms and functional limitations are not supported by the medical evidence, and are not credible." (Tr. 13). *See Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004) ("[B]oilerplate language fails to inform us in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible."), *citing Briggs ex rel. Briggs*

*v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001); *see also Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008) ("The ALJ's purported pain analysis is improper boilerplate because he merely recited the factors he was supposed to address and did not link his conclusions to the evidence or explain how Mrs. Carpenter's repeated attempts to find relief from pain, and all the drugs she has been prescribed for pain, resulted in a conclusion that she is unlimited in any regard by pain or the side effects from her pain medication.") [citations omitted].  The ALJ thus failed to properly account for the claimant's pain (disabling or otherwise) in formulating his RFC and determining what work, if any, he can perform with his level of pain.  *See, e. g., Harrison v. Shalala*, 28 F.3d 112, at *5 (10th Cir. 1994) (unpublished table opinion) ("If the ALJ finds that plaintiff's pain, by itself, is not disabling, that is not the end of the inquiry.  The [Commissioner] must show that jobs exist in the national economy that the claimant may perform *given the level of pain [he] suffers*.") [citation omitted].  This ordinarily requires the opinion of a vocational expert.  *See, e. g., id.* at *5.

The ALJ thus failed to properly assess the claimant's RFC at step four.  Consequently, the decision of the Commissioner should be reversed and the case remanded for a proper analysis of the claimant's RFC by the ALJ.  If this results in adjustments to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence.

The Commissioner's decision is accordingly REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 26th day of September, 2013.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma